# NO. 12-10-00445-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:* | § | |
| *MICHAEL A. KENNEDY,* | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | § | |

### *MEMORANDUM OPINION*

Relator Michael A. Kennedy complains in this original mandamus proceeding that the trial court's failure to conduct his new sentencing hearing has violated his right to a speedy trial. *See generally* **Kennedy v. State**, No. 12-08-00246-CR, 2009 WL 4829989 (Tex. App.–Tyler Dec. 16, 2009, pet. stricken) (affirming theft conviction, but reversing judgment as to sentencing and remanding for new sentencing hearing). Specifically, Relator states that the October 26, 2010 sentencing hearing was postponed and that one or more witnesses he planned to call for the October 26, 2010 hearing have died. Consequently, he argues, the trial court's postponement of the hearing violated his due process rights to call witnesses that would "refute and dispute" the prior felony convictions alleged as enhancements in his original trial. Finally, he requests an order directing the trial court (1) to conduct the new sentencing hearing in ten days and (2) to not allow any prior felony convictions to be used for enhancement purposes. We construe these statements as a complaint that the trial court has violated his right to a speedy trial, that he has been prejudiced thereby, and that the relief he seeks is the appropriate remedy for the trial court's conduct.

The traditional test for determining whether mandamus is appropriate in a criminal case requires the relator to establish two things. **Simon v. Levario**, 306 S.W.3d 318, 320 (Tex. Crim. App. 2009). First, he must show that he has no adequate remedy at law. *See id*. Second, he must show that the act he seeks to compel does not involve a discretionary or judicial decision.

*Id*.  In other words, the act must be ministerial.  *See id*.  Relator presents no argument or authority relating to either of these prerequisites to mandamus.  *See* TEX. R. APP. P. 52.3(h).  Moreover, the Texas Court of Criminal Appeals has held that appeal is available "to test any asserted denial of his right to a speedy trial, both on a statutory and constitutional basis."  ***Ordunez v. Bean***, 579 S.W.2d 911, 913-14 (Tex. Crim. App. 1979).  Therefore, mandamus is not available for that purpose.  *See id*.  Accordingly, we **deny** Relator's petition for writ of mandamus.

**BRIAN HOYLE**
Justice

Opinion delivered January 19, 2011.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

2